U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 15 2010
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARCO TORRES VADELLA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:09-CV-726-A |
| § | |
| NICHOLAS ALLEGRETTO, ET AL., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
and
ORDER

Having considered the motion of defendant Nicholas Allegretto ("Allegretto") to dismiss the claims asserted against him by plaintiff, Marco Torres Vadella, for lack of personal jurisdiction, the court concludes that the motion should be granted and that plaintiff's claims against Allegretto should be dismissed.[1]

I.

Factual and Procedural Background

Plaintiff initiated this action in the District Court of Tarrant County, Texas, 236th Judicial District, naming Allegretto and ABF Freight System, Inc. ("ABF") as defendants. In his original petition, plaintiff alleged that on or about November 12, 2007, he was a passenger in a vehicle traveling westbound on Hillsborough Avenue in Tampa, Florida, when a tractor trailer driven by Allegretto in the scope of his employment for ABF

---

[1] As of the date this memorandum opinion and order is signed, plaintiff has not responded to Allegretto's motion.

collided with the rear of the vehicle in which plaintiff was riding, causing plaintiff injuries. Plaintiff also alleged that Allegretto "is an individual whose address is 6531 Spanish Moss Circle, Tampa, FL 33625," and that the state court "ha[d] jurisdiction over the parties because Plaintiff Marco Torres Vadella is a Texas resident and was at the time of the incident." Def.'s Am. Notice of Removal, Ex. H, 2.

On December 22, 2009, Allegretto and ABF removed the case to this court on the basis of diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. Allegretto filed the instant motion on the same day.

II.

Applicable Principles of Personal Jurisdiction

In an action based on diversity of citizenship, a federal district court may exercise personal jurisdiction over a nonresident defendant only if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute has been interpreted to extend as far as the federal Constitution permits,[2] the two requirements merge, and

---

[2] See Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985) (per curiam).

2

this court need only decide whether subjecting Allegretto to suit in Texas would be consistent with due process. Id. at 470.

The exercise of jurisdiction over a nonresident defendant comports with due process if "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state constitute minimum contacts if they are such that he "should reasonably anticipate being haled into court" there. Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)) (internal quotation marks omitted).

Minimum contacts may give rise to general or specific jurisdiction. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006). General jurisdiction exists when a nonresident defendant has "continuous and systematic general business contacts" with the forum state. Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)) (internal quotation marks omitted); see Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952). Even when a nonresident defendant's contacts are not so extensive, specific jurisdiction may exist if the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the

3

forum." Luv N' Care, 438 F.3d at 469 (quoting Helicopteros, 466 U.S. at 414 n.8) (internal quotation marks omitted).

When faced with a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of proving that jurisdiction exists. Id. However, plaintiff need not prove jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. Id. In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider anything on file in the record, including pleadings, affidavits, interrogatories, depositions, oral testimony, and exhibits. Revell, 317 F.3d at 469.

### III.

### Application of Law to the Facts

Keeping the above principles in mind, the court concludes that it does not have personal jurisdiction over Allegretto. Plaintiff's cause of action arises from a traffic accident that occurred in Florida. At the time of the accident, Allegretto possessed a Florida driver's license and was driving a vehicle with Florida plates. Thus, plaintiff's cause of action in no way "arises out of" or "relates to" Allegretto's contacts with Texas, such that specific jurisdiction over Allegretto would be appropriate in this case. Moreover, plaintiff has failed to establish that Allegretto has any contacts with Texas, much less contacts sufficiently "continuous and systematic" to support general jurisdiction. In the affidavit attached to his motion to dismiss, Allegretto avers that he is currently a resident of

Florida and has been a resident of Florida for the last twenty-seven years. Allegretto also states that he has never lived in Texas and, moreover, has never traveled to Texas. Given these facts and plaintiff's failure to adduce any facts to the contrary (or to dispute that jurisdiction is lacking), the court concludes that Allegretto does not have minimum contacts with Texas. Consequently, exercising jurisdiction over him would be inconsistent with due process.

Because Allegretto has no minimum contacts with Texas, the court does not address whether subjecting him to suit in Texas would comport with traditional notions of fair play and substantial justice.

## IV.

### Order

Therefore,

For the reasons discussed above,

The court ORDERS that Allegretto's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff against Allegretto be, and are hereby, dismissed for lack of personal jurisdiction.

SIGNED January 15, 2010.

JOHN McBRYDE
United States District Judge

5